# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| **ARTHUR PEREZ,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. EDCV 10-01214 AJW** |
| ) | |
| **v.** ) | **MEMORANDUM OF DECISION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

## Administrative Proceedings

Plaintiff filed his applications for benefits on March 20, 2008, alleging that he had been disabled since March 30, 1994 due to hernias, osteoarthritis and related joint disorders, affective mood disorders, and bipolar disorder. [JS 2]. In an November 18, 2009 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge ("ALJ") found that plaintiff had a "questionably severe mental impairment from a long history of methamphetamine abuse with no objective evidence of abstinence and a substance induced mood disorder." [AR 11]. The ALJ found that plaintiff retained the residual

functional capacity ("RFC") to perform work at all exertional levels, but that he had nonexertional limitations restricting him to unskilled, entry-level work with a Specific Vocational Preparation ("SVP") rating of 2 or less. [AR 13]. The ALJ found that plaintiff's RFC did not preclude him from performing work available in significant numbers in the national economy. [AR 17-18]. Accordingly, the ALJ concluded that plaintiff was not disabled.

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

### Nonexamining physician's opinion

Plaintiff contends that the ALJ did not properly evaluate the opinion of nonexamining state agency physician Alan R. Schrift, M.D.

On a Mental RFC Assessment form dated June 23, 2008, Dr. Schrift indicated that plaintiff was "not significantly limited" in some areas and "moderately" limited in others. [AR 253-255]. Dr. Schrift concluded that there was no continuous 12-month period when plaintiff was unable to perform simple, repetitive tasks in a less-stressful non-public setting. [AR 251-252]. In assessing plaintiff's RFC, the ALJ said that the state agency physician's RFC

assessment was reasonable and consistent with the objective medical evidence, with the exception of a limitation to non-public work. Based on the medical record and plaintiff's testimony, the ALJ found little evidence to support such a limitation. [AR 17].

An ALJ is "not bound by any findings made by State agency medical or psychological consultants" but must consider and evaluate their findings "using the relevant factors in paragraphs (a) through (e) of [20 C.F.R. §§ 404.1527, 416.927], such as the consultant's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions," and "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . ." 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i); see also SSR 96-6p, 1996 WL 374180, at \*1-\*2; Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir.2008) ("An ALJ is required to consider as opinion evidence the findings of state agency medical consultants; the ALJ is also required to explain in his decision the weight given to such opinions.").

The ALJ's RFC finding that plaintiff could perform unskilled, entry-level work with a Specific Vocational Preparation ("SVP") rating of 2 or less[1] is consistent with Dr. Schrift's conclusion that plaintiff can perform simple, repetitive tasks in a less-stressful setting. Plaintiff's moderate mental functional limitations—including the moderate limitation in his ability to interact with the general public assessed by Dr. Schrift and rejected by the ALJ—are not incompatible with the performance of unskilled work. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 691 (9th Cir. 2009) (holding that the ALJ did not err in finding that a claimant with moderate limitations in the ability to carry out detailed instructions, maintain attention and concentration

---

[1] The term "specific vocational preparation" ("SVP") is a term of art used in the Dictionary of Occupational Titles to classify "how long it generally takes to learn the job." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). Unskilled jobs are those that can usually be learned in 30 days or less, corresponding to an SVP level of 1 ("[s]hort demonstration only") or 2 ("[a]nything beyond short demonstration up to and including 1 month"). Dictionary of Occupational Titles, Appendix C, "Components of the Definition Trailer" (4th ed. 1991); see Terry, 903 F.2d at 1276 (holding that unskilled jobs are those that have an SVP of 30 days or less); SSR 83-10, WL 31251, at \*7 ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.").

for extended periods, interact appropriately with the general public, and set realistic goals or make plans independently was not disabled); Thomas v. Barnhart, 278 F.3d 947, 953, 955 (9th Cir. 2002) (affirming the ALJ's finding that a claimant who had "moderate mental residual functional capacity limitations" and a "marked limitation in her ability to maintain concentration over extended periods" could perform unskilled jobs); Russey v. Massanari, 2001 WL 1242901, at *2, *10 (N.D. Ill. Oct. 12, 2001) (holding that the ALJ properly found that a claimant who was moderately limited in his ability to understand, remember and carry out detailed instructions, and get along with peers and coworkers without distracting them or exhibiting behavioral extremes, and markedly limited in his ability to interact appropriately with the general public, could perform unskilled work).

Accordingly, there was no error in the ALJ's evaluation of Dr. Schrift's opinion, and the ALJ's RFC finding is supported by substantial evidence in the record.

**RFC finding**

Plaintiff contends that the ALJ's RFC finding was inadequate because it omitted all of the moderate mental functional limitations found by Dr. Schrift.

This contention is duplicative of plaintiff's argument regarding the ALJ's evaluation of Dr. Schrift's nonexamining opinion. Although Dr. Schrift assessed moderate mental functional limitations in several areas, he also opined that there was no continuous 12-month period when plaintiff was unable to perform simple, repetitive tasks in a less-stressful non-public setting. [AR 251-252]. The ALJ gave appropriate weight to Dr. Schrift's opinion in formulating plaintiff's RFC. Therefore, plaintiff's contention lacks merit.

**Vocational expert testimony**

Plaintiff contends that the ALJ erred in failing to obtain vocational expert testimony regarding the effect of the moderate nonexertional mental limitations found by Dr. Schrift on plaintiff's ability to perform alternative work.

At step five, the Commissioner has the burden to establish that there are a significant number of jobs in the national economy that the claimant can perform. The Commissioner may meet the burden by taking the testimony of a vocational expert, or by referring to the grids. Tackett v. Apfel, 180 F.3d 1094, 1100-1101 (9th Cir. 1999). The grids may be used as a

"framework" for decision-making when the claimant's nonexertional limitations do not significantly affect his exertional capabilities. See 20 C.F.R. §§ 404.1569a(d), 416.969a(d) 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(e)(2); SSR 96-9p, 1996 WL 374185, at *4. On the other hand, when a claimant's nonexertional limitations significantly limit the range of work permitted by the claimant's exertional limitations, then use of the grids to find him not disabled is inappropriate. Tackett, 180 F.3d at 1101-1102. When the grids do not accurately describe the claimant's functional capacity, the ALJ must take the testimony of a vocational expert. Tackett, 180 F.3d at 1103-1104. Based on that testimony, the ALJ must identify specific jobs within the claimant's capabilities. Thus, the grids will be inappropriate where the predicate for their use—the ability to perform a full range of either medium, light or sedentary activities—is not present. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988).

The ALJ properly evaluated Dr. Schrift's opinion and permissibly found that plaintiff retained the RFC for unskilled, entry-level work at all exertional levels. Because plaintiff retained the RFC for a broad range of unskilled work, the ALJ reasonably relied on the Medical-Vocational Guidelines as a framework for his determination that plaintiff was not disabled. See Hoopai v. Astrue, 499 F.3d 1071, 1076-1077 (9th Cir. 2007)(holding, at step five of the sequential evaluation, that a non-examining physician's finding of a moderate impairment in several areas, including the ability to complete a normal workday and work week without interruption from psychologically-based symptoms, "was not a sufficiently severe non-exertional limitation" so as to prohibit reliance on the grids).

**Conclusion**

The Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

April 29, 2011

_____
ANDREW J. WISTRICH
United States Magistrate Judge